**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **JEFFREY HENDERSON**, on behalf of himself and all other employees similarly situated, known and unknown,<br><br>Plaintiff,<br>v.<br><br>**SUDLER AND COMPANY**, an Illinois corporation, **SUDLER BUILDING SERVICES, LLC**, an Illinois limited liability company, **2626 LAKEVIEW CONDOMINIUM ASSOCIATION**, an Illinois non-for-profit corporation, **STEVEN P. LEVY**, individually, and **KEVIN MARCUS**, individually,<br><br>Defendants. | Civil Action<br><br>No.<br><br>JURY DEMAND<br><br>FRCP 23 CLASS ACTION DEMAND |

**COMPLAINT**

On behalf of himself and all other employees similarly situated, known and unknown, the plaintiff, **JEFFREY HENDERSON**, (the "Plaintiff"), complains of the defendants, **SUDLER AND COMPANY** ("SUDLER"), **SUDLER BUILDING SERVICES, LLC** ("SBS"), **2626 LAKEVIEW CONDOMINIUM ASSOCIATION** ("2626"), **STEVEN P. LEVY** ("LEVY"), and **KEVIN MARCUS** ("MARCUS"), (collectively the "Defendants"). Pleading hypothetically and in the alternative, the Plaintiff alleges as follows:

## I. INTRODUCTION

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as a result of the Defendants' failure to pay overtime compensation to the Plaintiff, and to other similarly situated employees of the Defendants (the "Plaintiff

Class"). By virtue of his position as a "lead employee," the plaintiff was paid an additional sum of money per hour (the "Premium") in addition to his regular hourly wage. The Plaintiff routinely worked in excess of 40 hours per week for the Defendants, but the Defendants failed and refused to include the Premium in the calculation of his time-and-one-half overtime rate as the FLSA requires. Upon information and belief, the Defendants also failed and refused to include the Premium in the calculation of the Plaintiff Class's respective time-and-one-half overtime rates. In Counts I, II and III, the Plaintiffs bring claims pursuant to Section 216(b) of the FLSA.

2. In Counts IV, V and VI, the Plaintiff brings supplemental claims pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq*., the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq*., and the Attorneys' Fees in Wage Actions Act ("AFWAA"), 705 ILCS 225 *et seq*. The rights and remedies set forth in these statutes are generally similar and analogous to those that Congress set forth in the FLSA.

## II. <u>THE PARTIES</u>

3. The Plaintiff is an individual domiciled in Illinois, and reside within the Northern District of Illinois.

4. The Plaintiff Class is comprised of current and former employees of the Defendants, who were paid the Premium.

5. LEVY is an individual who, upon information and belief, is domiciled in Illinois.

6. MARCUS is an individual who, upon information and belief, is domiciled in Illinois.

7. SUDLER is and was an Illinois corporation whose registered office is located at 875 N. Michigan Avenue, Suite 2600, Chicago, IL 60611.

8. SBS is and was an Illinois corporation whose registered office is located at 875 N. Michigan Avenue, Suite 2600, Chicago, IL 60611.

9. 2626 is and was an Illinois not-for-profit corporation (a condominium association) whose registered office is located at 2 N. LaSalle Street, Suite 1300, Chicago, IL 60602.

10. Upon information and belief, at all times relevant to this action, the following defendants were/are corporate officers of SUDLER: a) LEVY; and b) MARCUS.

11. Upon information and belief, at all times relevant to this action, the following defendants held/hold an ownership interest in SULDER: a) LEVY; and b) MARCUS.

12. Upon information and belief, at all times relevant to this action, the following defendants exercised/exercise control over significant aspects of SUDLER's day-to-day operations: a) LEVY; and b) MARCUS.

13. Upon information and belief, at all times relevant to this action, the following defendants were/are corporate officers of SBS: a) LEVY; and b) MARCUS.

14. Upon information and belief, at all times relevant to this action, the following defendants held/hold an ownership interest in SBS: a) LEVY; and b) MARCUS.

15. Upon information and belief, at all times relevant to this action, the following defendants exercised/exercise control over significant aspects of SBS's day-to-day operations: a) LEVY; and b) MARCUS.

16. At all times relevant to this action LEVY is and was a manager of the Plaintiff.

17. At all times relevant to this action MARCUS is and was a manager of the Plaintiff.

18. At all times relevant to this action, SUDLER was and is engaged in commercial building and property management.

19. At all times relevant to this action, SBS was and is engaged in commercial building and property management.

20. The Plaintiff and the Plaintiff Class were employed by the Defendants as building attendants, doormen, bellmen, security guards and maintenance workers.

## III. JURISDICTION AND VENUE

21. Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA and 28 U.S.C. §1331.

22. Supplemental jurisdiction over the Illinois statutory claims alleged herein is conferred on this Court by 28 U.S.C. § 1367(a).

23. Venue lies in the Northern District of Illinois in that the acts or omissions that are the subject of this complaint occurred within this district.

## IV. CLASS ALLEGATIONS

### FLSA

24. Counts I, II and III of this action are maintained by the named Plaintiff as an opt-in representative action, for and on behalf of himself and other persons similarly situated, who have been or will in the future be damaged by the Defendants' failure to comply with the requirements of the FLSA.

25. The Plaintiff seeks to send notice of this action to all similarly situated employees of the Defendants who have been denied proper overtime compensation, as permitted by Section 16(b) of the FLSA and supporting case law.

26. In accord with Section 16(b) of the FLSA, the Plaintiff has given written consent to bring such an action (attached as **Exhibit A**).

27. With regard to Counts I, II and III, The class represented by the Plaintiff consists of all persons who have been or will be employed by the Defendants on or after the date which is 2 years or 3 years prior to the filing of this action (depending on which statute of limitations is applied) who were paid an hourly wage, who worked more than 40 hours in any given week, and who were paid an hourly Premium because of their status as "lead employees" or otherwise. A 2-year statute of limitations is applicable to Count I. A 3-year statute of limitations is applicable to Count II, as it alleges a willful violation of the FLSA. Count III seeks liquidated damages under the FLSA.

**IMWL**

28. Count IV of this action is maintained by the named Plaintiff as an opt-out class action pursuant to Federal Rule of Civil Procedure 23, for an on behalf of himself and other persons similarly situated, who have been or will in the future be damaged by the Defendants' failure to comply with the requirements of the IMWL.

29. With regard to Count IV, the class represented by the Plaintiff consists of all persons who have been or will be employed by the Defendants, on or after the date which is 3 years prior to the filing of this action who were paid an hourly wage, who worked more than 40 hours in any given week, and who were paid an hourly Premium because of their status as "lead employees" or otherwise.

**IWPCA**

30. Count V of this action is maintained by the named Plaintiff as an opt-out class action pursuant to Federal Rule of Civil Procedure 23, for an on behalf of himself and other persons similarly situated, who have been or will in the future be damaged by the Defendants' failure to comply with the requirements of the IWPCA.

31. With regard to Count IV, the class represented by the Plaintiff consists of all persons who have been or will be employed by the Defendants, on or after the date which is 10 years prior to the filing of this action who were paid an hourly wage, who worked more than 40 hours in any given week, and who were paid an hourly Premium because of their status as "lead employees" or otherwise.

## V. GENERAL ALLEGATIONS

32. At all times relevant to this action, the Defendants, and each of them, were and are the Plaintiff's "employer" within the meaning of Section 3(a) and (d) of the FLSA in that the Defendants acted directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

33. At all times relevant to this action, the Defendants, and each of them, were and are the Plaintiff's "employer" within the meaning of Section 3(c) of the IMWL in that the Defendants acted directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

34. At all times relevant to this action, the Defendants, and each of them, operated, controlled and/or constituted an "enterprise" within the meaning of Section 3(r) of the FLSA.

35. At all times relevant to this action, the Plaintiffs and the Plaintiff Class were/are "employees" of the Defendants within the meaning of Section 3(e)(1) of the FLSA.

36. At all times relevant to this action, the Plaintiffs and the Plaintiff Class were/are "employees" of the Defendants within the meaning of Section 3(d) of the IMWL.

37. During the course of their employment by the Defendants, the Plaintiff and the Plaintiff Class handled goods that moved in interstate commerce including but not limited to rock salt and cleaning solvents.

38. During the course of their employment by the Defendants, the Plaintiff and the Plaintiff Class were/are not exempt from the overtime wage and minimum wage provisions of the FLSA.

39. During the course of their employment by the Defendants, the Plaintiffsand the Plaintiff Class were/are not exempt from the overtime wage and minimum wage provisions of the IMWL.

40. The Defendants routinely and as a matter of practice and policy required the Plaintiff and the Plaintiff Class to work more than 40 hours per week, but then failed and refused to pay them overtime compensation at the requisite statutory rates.

41. Specifically, the Defendants omitted the Plaintiff's hourly Premium from the calculation of his overtime rate; and the Defendants omitted the Plaintiff Class's hourly Premium from the calculation of their respective overtime rates. For example, assuming the

Plaintiff were paid $15.00 per hour for the regular (40 or less in a given week) hours he worked, and assuming that $5.00 of the $15.00 consisted of his lead employee Premium, the Defendants would have then paid him at the rate of $20.00 per hour for the overtime (41 or more in a given week) hours he worked, rather than at the rate of $22.50 per hour as the FLSA and the IMWL require.

42. The Defendants continue to engage in the practice described in the preceding paragraph, which constitutes an ongoing violation of the FLSA and IMWL.

**COUNT I**
**(Violation of the FLSA)**

43. The Plaintiff hereby re-alleges the foregoing allegations.

44. The Defendants violated the FLSA by failing to pay the Plaintiff and the Plaintiff Class for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which they were employed.

WHEREFORE the Plaintiff, on behalf of himself and the Plaintiff Class, prays for judgment in his favor and against the Defendants, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid overtime compensation due and owing to the Plaintiff and the Plaintiff Class for each hour they worked in excess of 40 in any given week, but for which the Defendants failed to pay them at a rate equal to or greater than one and one-half times the regular rate at which they were employed (in no case less than one and one-half times the IMWL's mandatory minimum rate), according to the applicable statute of limitations;

B. pre and post judgment interest on all amounts awarded;

C. attorneys' fees, together with costs of suit and collection; and

D. such further relief as may be fair and just in the premises.

**COUNT II**
**(Willful Violation of the FLSA)**

45. The Plaintiff hereby re-allege sthe foregoing allegations.

46. The Defendants' violation of the FLSA was willful in that the Defendants were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

47. The Defendants continue a pattern of deliberate, voluntary, intentional and willful violation of the FLSA.

WHEREFORE the Plaintiff, on behalf of himself and the Plaintiff Class, prays for judgment in his favor and against the Defendants, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid overtime compensation due and owing to the Plaintiff and the Plaintiff Class for each hour they worked in excess of 40 in any given week, but for which the Defendants failed to pay them at a rate equal to or greater than one and one-half times the regular rate at which they were employed (in no case less than one and one-half times the IMWL's mandatory minimum rate), according to the applicable statute of limitations;

B. pre and post judgment interest on all amounts awarded;

C. attorneys' fees, together with costs of suit and collection; and

D. such further relief as may be fair and just in the premises.

**COUNT III**
**(Liquidated Damages Under the FLSA)**

48. The Plaintiff hereby re-alleges the foregoing allegations.

49. The Defendants failed to take affirmative steps to ascertain their obligations under the FLSA.

50. In denying the Plaintiff and the Plaintiff Class compensation at a rate of one-and-one-half times their respective hourly rates for the overtime hours that they worked, the Defendants' actions were not based upon good faith or reasonable grounds.

WHEREFORE the Plaintiff, on behalf of himself and the Plaintiff Class, prays for judgment in their favor and against the Defendants, and each of them, and for the following relief:

A. statutory liquidated damages as allowed by the FLSA in an amount equal to all unpaid compensation;

B. pre and post judgment interest on all amounts awarded;

C. attorneys' fees, together with costs of suit and collection;

D. such further relief as may be fair and just in the premises.

**COUNT IV**
**(Violation of the IMWL)**

51. The Plaintiff hereby re-alleges the foregoing allegations.

52. The Defendants violated the IMWL by failing to pay the Plaintiff and the Plaintiff Class for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which they employed.

53. The Defendants were aware or should have been aware of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

54. The Defendants failed to take affirmative steps to ascertain their obligations under the IMWL.

WHEREFORE the Plaintiff, on behalf of himself and the Plaintiff Class, prays for judgment in their favor and against the Defendants, and each of them, and for the following relief:

A. a decree that the Defendants' compensation practices as described above, and such other violations as may come to light during the prosecution of this action, are in violation of the IMWL;

B. damages in an amount to be shown by the evidence, to which the Plaintiff and the Plaintiff Class are entitled; and

the Plaintiff further request that:

C. this Court retain jurisdiction of the case until such time as it is assured that the Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

D. this Court order the Defendants to pay the Plaintiff's attorneys' fees, costs and litigation expenses, as provided by statute;

E. this Court approve this action to proceed pursuant to the provisions of FRCP 23; and

F. this Court grant such additional relief as may be fair and just in the premises.

**COUNT V**
**(Violation of the IWPCA)**

55. The Plaintiff hereby re-alleges the foregoing allegations.

56. The Defendants violated the IWPCA by:

a. failing to pay the Plaintiff and the Plaintiff Class for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate upon which the parties had agreed;

b. failing to pay the Plaintiff and the Plaintiff Class certain wages either weekly or biweekly; and/or

c. failing to pay the Plaintiff and the Plaintiff Class certain wages within either 7 days of the close of each relevant workweek, or within 13 days of the close of each relevant biweekly pay-period.

57. The Defendants' actions complained of herein and described above, namely the continuing refusal and failure to pay earned overtime to the Plaintiff and the Plaintiff Class, constituted a violation of the IWPCA.

WHEREFORE the Plaintiff, on behalf of himself and the Plaintiff Class, prays for judgment in his favor and against the Defendants, and each of them, and for the following relief:

A. a decree that the Defendants' compensation practices as described above, and such other violations as may come to light during the prosecution of this action, are in violation of the IWPCA;

B. damages in an amount to be shown by the evidence, to which the Plaintiff and the Plaintiff Class are entitled; and

the Plaintiff further request that:

C. this Court retain jurisdiction of the case until such time as it is assured that the Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

D. this Court order the Defendants to pay the Plaintiff's attorneys' fees, costs and litigation expenses, as provided by statute;

E. this Court approve this action to proceed pursuant to the provisions of FRCP 23; and

F. this Court grant such additional relief as may be fair and just in the premises.

**COUNT VI**
**(AFWAA Claim)**

58. The Plaintiff hereby re-alleges the foregoing allegations.

59. More than three days before filing this action, the Plaintiff demanded in writing that the Defendants pay the unpaid overtime wages that are due and owing to him.

WHEREFORE, the Plaintiff prays that this Court will order the Defendants to pay the Plaintiff's attorneys' fees, costs and litigation expenses.

**JURY DEMAND**

On behalf of himself and all other employees similarly situated, known and unknown, the Plaintiff demands a trial by jury of all issues set forth herein that are capable of being tried by a jury.

Respectfully submitted,

/s/Paul Luka
PAUL LUKA

Roy P. Amatore, Esq.
Paul Luka, Esq.
Christine Feil, Esq.
AMATORE & ASSOCIATES, P.C.
120 S. State Street · Suite 400
Chicago, IL 60603
312.236.9825 (tel.)
312.236.9826 (fax)

John W. Billhorn, Esq.
THE BILLHORN LAW FIRM
120 S. State Street, Suite 400
Chicago, IL 60603
312.853.1450 (tel.)
312.853.1459 (fax)

# EXHIBIT A

**CONSENT TO BE A PARTY PLAINTIFF**

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue her claims for unpaid wages, and other relief, against SUDLER & COMPANY, 2626 N. LAKEVIEW CONDOMINIUM ASSOC., STEPHEN LEVY and any other person who may have employed him in conjunction with said persons (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of himself and all other similarly situated employees, known and unknown.

Jeffrey L. Henderson Sr.

Jeffrey Henderson